## Spellier Electric Time Co. *v.* Geiger, Appellant.

*Affidavit of defence—Assessments on stock—Notice.*

In an action to recover assessments on stock, against a shareholder who was a director of the corporation plaintiff during a portion of the period in which the assessments were called, the defendant cannot relieve himself from liability by averring want of notice of the assessments, unless he states in his affidavit of defence how many and what assessments were called when he was not a member of the board.  As to such assessments as were called while he was director he must be presumed to have knowledge.

*Judicial notice—Statutes of other states.*

Where a defendant resists payment of assessments on stock on the ground that notice of the assessments had not been published in accordance with the statutes of the state in which the plaintiff was incorporated, he must annex to his affidavit of defence copies of the statutes relied upon.  Otherwise the court cannot decide whether the provisions for notice are directory or mandatory.

Argued Jan. 29, 1892.   Appeal, No. 118, Jan. T., 1892, by defendant, Horace Geiger, from order of C. P. No. 2, Phila. Co., June T., 1891, No. 372, making absolute a rule for judgment for want of a sufficient affidavit of defence.   Before PAXSON, C. J., STERRETT, MCCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover assessments on stock.

From the statement it appeared that defendant participated

in the first meeting of the stockholders of the plaintiff corporation, held on Dec. 3, 1888, and was elected a director, which office he held until Dec. 2, 1889.   Defendant paid the first call, but refused to pay any of the subsequent calls.   The defendant averred that the directors were authorized at the first general meeting of the stockholders to make a call for the first installment of 25 per cent of the par value of the capital stock, and that the remaining 75 per cent of the par value of the stock should be called by the board of directors in such installments, and at such times, as might be necessary for the purposes of the business, and not merely at the discretion of the board of directors as set forth in plaintiff's statement.   " The business of the company has not been a success, and is not now being pushed by the officers of the company, and practically no business is being done.   The company is solvent and has sufficient assets to meet all liabilities, and the defendant avers that the said assessments called as set forth in the plaintiff's statement, are not necessary for the purposes of the business, as the resolution passed by the stockholders provided that they should be, and were therefore called without authority on the part of the directors, and the company has no need for the money to be provided by the said assessments, except for the purpose of paying useless and exorbitant salaries to certain officers of the corporation, and the defendant avers that the said assessments were made, and are now being attempted to be collected simply for that purpose and for no other.

" This defendant is informed and believes that steps have already been taken for the purpose of the dissolution of the plaintiff corporation, and that two thirds in interest of the stockholders have agreed to dissolve and wind up the affairs of the corporation as provided by the statutes of the state of New Jersey under which said corporation was organized, and that in view of such action the defendant should not be obliged to pay the said assessments, which were not made in accordance with the resolution, authorizing the board of directors to call assessments as above set forth.   Defendant further avers that he never received any notice whatever of the assessments called, and which are sued for in this case, until he received notice from an attorney that suit was about to be brought therefor, and defendant further says that he is informed and

believes and expects to be able to prove that notice of said assessments was not published in public newspapers as is required by the statutes of the state of New Jersey, under which the plaintiff company was incorporated, and he is advised and believes that by reason of the failure to publish notice of the said assessments as required by law, the said assessments are unlawful and cannot be collected in this action, defendant never having had any notice of said assessments, either actual or constructive.

" All of which facts defendant says are true ; as he expects to be able to prove on the trial of this cause.

" Defendant further says that although he was a member of the board of directors at the time when several of the assessments are alleged to have been called, yet as such director he had no notice of the said meetings, and was not present when the said assessments were made and had no knowledge thereof, except of the first assessment, which he paid."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was the order of the court entering judgment.

PER CURIAM, February 8, 1892.

The only specification is, that the court below erred in making absolute the rule for judgment for want of a sufficient affidavit of defence.   The suit was brought by the corporation plaintiff, to recover certain assessments of stock of the defendant, which had been called by the board of directors.   The plaintiff was incorporated under the laws of New Jersey, on Dec. 13, 1888, for the purpose of manufacturing, selling and leasing electric clocks, etc.   .The defendant subscribed for 300 shares of stock, paid 25 per centum on first call, but has not paid the remaining 75 per centum.   The defendant avers, in his affidavit of defence, that he never received any notice whatever of the assessments, until he received notice from an attorney that suit was about to be brought therefor.   He further avers, that notice of said assessments was not published in public newspapers, as is required by the statutes of the state of New Jersey.   He did not annex to his affidavit a copy of the statutes referred to.   Hence, we have only his opinion as to what those statutes required.   The provision for notice of

a call for assessments may be merely directory, or may be mandatory. We have no means of knowing, as we do not take judicial notice of the statutes of other states, and, espe- cially, do we not construe them without having the statutes before us. Aside from this, the defendant was a director of the corporation during a portion of the period in which the as- sessments were called. As to such assessments as were called while he was a director, he must be presumed to have knowl- edge. The affidavit fails to aver how many, and which assess- ments, were called when he was not a member of the board. There are other averments in the affidavit, which we do not think it necessary to discuss. On the whole, we think it was not sufficient to prevent judgment.

Judgment affirmed.